DLD-275                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2801
_____

JOSEPH ARUANNO,
                              Appellant

v.

OFFICER JEFF SMITH; NURSE MORGAN;
SGT. FRANKS; DR. MERRILL MAIN;
DR. VIVIAN SNAIDMAN; DR. GABRIEL;
MS. CINDY SWEENEY, Administrator;
MS. JENNIFER VELEZ, DHS Commissioner;
MR. GEORGE HAYMAN, DOC Commissioner;
UNIVERSITY OF MEDICAL AND DENTAL OF NJ;
JOHN/JANE DOES #1-10
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-cv-01070)
District Judge:  Honorable Jose L. Linares
_____

Submitted for Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 25, 2011

Before:  FISHER, BARRY and VAN ANTWERPEN, *Circuit Judges*.

(Filed: September 21, 2011)
_____

OPINION
_____

PER CURIAM

Joseph Aruanno appeals an order of the United States District Court for the District of New Jersey dismissing his amended complaint under 28 U.S.C. § 1915(e)(2)(B). We will affirm the District Court's judgment.

I.

Aruanno, who is civilly confined at the Special Treatment Unit ("STU") in Kearny, New Jersey pursuant to the New Jersey Sexually Violent Predators Act (SVPA), filed a pro se complaint against various employees of the New Jersey Department of Human Services ("DHS") and the New Jersey Department of Corrections ("DOC"), as well as University Medical and Dental of New Jersey and several John and Jane Doe Defendants. Aruanno also filed a motion for leave to proceed in forma pauperis ("IFP").

By order entered July 18, 2010, the District Court granted the IFP motion but dismissed the complaint under section 1915(e)(2)(B), concluding that Aruanno failed to state a claim upon which relief could be granted. The District Court afforded Aruanno the opportunity to file an amended complaint to address the deficiencies in the original complaint that the District Court noted in its decision. Aruanno filed an amended complaint alleging, inter alia, that the Defendants were deliberately indifferent to his serious medical needs. Concluding that Aruanno had not cured the deficiencies in his original complaint, the District Court dismissed the amended complaint under section 1915(e)(2)(B). This appeal followed.

II.

We have jurisdiction under 22 U.S.C. § 1291. Our review of a District Court's sua sponte dismissal of a complaint for failure to state a claim is plenary, requiring us to draw all reasonable inferences therefrom in the plaintiff's favor. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). On review, we will summarily affirm the District Court's judgment because no substantial issue is presented on appeal. See L.A.R. 27.4; I.O.P. 10.6.

An inmate making an Eighth Amendment claim on the basis of the denial of medical treatment must show "(1) that the defendants were deliberately indifferent to [his or her] medical needs and (2) that those needs were serious." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Aruanno alleges that on one occasion, DOC Defendants Morgan and Smith refused to provide him with the precise medication that he requested to treat a throat irritation. Aruanno claims that their actions demonstrate a deliberate indifference to his serious medical condition. However, the decision not to give Aruanno his preferred choice of medication is not an adequate basis for establishing an Eighth Amendment violation. See Monmouth County Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). Accordingly, the claims against Defendants Morgan and Smith were properly dismissed.

Aruanno also alleges that DOC Defendant Cindy Sweeney violated his Eighth Amendment rights by disregarding the health risk posed by his exposure to second-hand

3

smoke at the STU. As the District Court noted, this precise allegation against Defendant Sweeney is the subject of a second amended complaint in Aruanno v. Green, No. 09-1542 (D.N.J. filed Apr. 2, 2009), which remains pending in the District Court. Thus, because the claim is duplicative of a claim raised in another pending action, the District Court was correct to dismiss it. See Complaint of Bankers Trust Co. v. Chatterjee, 636 F.2d 37, 40 (3d Cir. 1980).[1]

The District Court also correctly dismissed Dr. Vivian Snaidman from the action. Aruanno claims that Defendant Snaidman violated his constitutional rights by testifying falsely at his civil commitment hearing. As the District Court explained, Defendant Snaidman is immune from liability under section 1983 since, as a witness who provided testimony at Aruanno's civil commitment hearing, she is cloaked with absolute immunity from liability. See McArdle v. Tronetti, 961 F.2d 1083, 1085 (3d Cir. 1992).

With regard to the remaining named defendants, Aruanno failed to state a claim for relief against them because he does not allege that they were personally involved in any of the harm that he allegedly suffered. Rode, 845 F.2d at 1207. Thus, they were properly dismissed from the action.

---

[1] Likewise, Aruanno's claim that his civil rights were violated when he was assaulted in his cell in September 2009 duplicates a claim raised in a separate complaint that he filed in the District Court. See Aruanno v. Caldwell, No. 09-5652 (D.N.J. filed Nov. 5, 2009). That case remains pending. Moreover, Aruanno does not allege that any of the defendants named in the instant complaint were personally involved in that incident. Thus, he fails to state a claim for relief against them. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (holding liability under § 1983 may not be based on a theory of respondeat superior).

4

As this appeal does not raise a substantial question, we will affirm the judgment of the District Court.  <u>See</u> Third Cir. LAR 27.4; I.O.P. 10.6.